FILED
2019 Aug-12 AM 10:10
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
JASPER DIVISION

| | |
|---|---|
| SHERI UPTAIN, | } |
| Plaintiff, | } |
| v. | } Civil Action No.: 6:18-CV-01680-RDP |
| NANCY A. BERRYHILL, Acting Commissioner of Social Security, | } |
| Defendant. | } |

**MEMORANDUM DECISION**

Plaintiff Sheri Uptain ("Plaintiff") brings this action pursuant to Section 205(g) of the Social Security Act ("the Act"), seeking review of the decision of the Commissioner of Social Security ("the Commissioner") denying her claim for supplemental security income ("SSI"). *See* 42 U.S.C. § 1383(c). Based on this court's review of the record and the briefs submitted by the parties, the court finds that the decision of the Commissioner is due to be affirmed.

**I.    Proceedings Below**

Plaintiff filed her application for SSI on September 1, 2015, alleging a disability onset date of June 19, 2015. (R. 55). The Social Security Administration ("SSA") denied the initial request on December 18, 2015. (R. 69). Plaintiff thereafter requested a hearing before an Administrative Law Judge ("ALJ") (R. 77), and ALJ David L. Horton held a hearing on July 31, 2017. (R. 1). In his decision dated December 29, 2017, the ALJ determined that Plaintiff was not under a disability within the meaning of section 1614(a)(3)(A) of the Social Security Act. (R. 36). Because the Appeals Council denied Plaintiff's request for review on August 18, 2018, which was the final

decision of the Commissioner (R. 19-21), the Commissioner's decision is now a proper subject for this court's appellate review.

## II.  Statement of Facts

Plaintiff, who was born on June 26, 1972, was 43-years-old when she filed her request for SSI and 44 at the time of the ALJ's decision. (R. 5, 171). She has a high school diploma and held two relevant jobs over fifteen years: billing clerk and cosmetic sales consultant. (R. 6, 34). The ALJ found that Plaintiff suffers from several severe impairments: lumbar degenerative disc disease, depression, scoliosis, diabetes mellitus, and obesity. (R. 30).

The issues on appeal concern Plaintiff's obesity and subjective pain regarding her lower back and lower extremities. (Pl.'s Mem., Doc. # 11 at 9-13). The record indicates that Plaintiff first reported back pain radiating into her lower left extremity and sciatica in October 2012; as a result, the physician prescribed medication for muscle spasms and pain. (R. 225). The next four years of medical history tell the same story: Plaintiff visited the doctor for back and leg pain and was re-prescribed the medication. (R. 190, 212, 249, 272, 311, 314, 321, 398). These visits evidence that Plaintiff consistently had full range of motion in her musculoskeletal system. (R. 230, 249, 359, 373). In October 2015, Plaintiff received an x-ray examination. (R. 305-06). The impression of the results was that Plaintiff has only eleven rib-bearing thoracic vertebral bodies, multilevel degenerative disc disease (L3 through L5 levels), a set of hypoplastic ribs, and scoliosis. (R. 305-06).

In addition, during the period at issue in this case, Plaintiff (who has struggled with weight), put on a substantial amount of weight. To illustrate, Plaintiff weighed 160 pounds at her October 2012 visit to Walker Baptist Medical Center (R. 230), and, in October 2013, Plaintiff weighed 131 pounds. (R. 249). By her October 6, 2015 visit to Capstone Rural Health Center, Plaintiff weighed

226 pounds, which results in a body mass index ("BMI") of 40.1. (R. 310).[1] At the time, the physician recommended weight loss and consulted Plaintiff on her diet and maintaining regular exercise. (R. 314-15). Plaintiff returned to Capstone Rural eight times (and the physician continued to consult her about weight loss) until her final visit in the record on November 9, 2016. (R. 310, 410, 412, 414, 416, 418, 421, 423). At this visit, Plaintiff weighed 198 pounds, and her BMI measured 35.1. (R. 410).

During the hearing, Plaintiff testified that she takes ibuprofen and Flexeril for her back pain. (R. 8). More recently, after picking up a four-pound laundry basket, Plaintiff visited the emergency room where she received morphine and a Norflex shot. (R. 8-9). On typical days, if she gets out of bed, Plaintiff's day consists of sitting around and walking for a few minutes until her pain begins. (R. 10). Plaintiff estimates that she lies down for 22 hours a day. (R. 10). Plaintiff does not do housework, nor does she drive anymore as a result of her pain. (R. 10).

**III. ALJ Decision**

Disability under the Act is determined under a five-step test. 20 C.F.R. § 404.1520. First, the ALJ must determine whether the claimant is engaging in substantial gainful activity. 20 C.F.R. § 404.1520(a)(4)(i). "Substantial work activity" involves significant physical or mental activities, and "gainful work activity" is work that is done for pay or profit. 20 C.F.R. § 404.1572. If the ALJ finds that the claimant engages in substantial gainful activity, then the claimant cannot claim disability. 20 C.F.R. § 404.1520(b).

---

[1] The record indicates an ever-changing (and confusing) story of Plaintiff's struggles (and temporary triumphs) with her weight over a three-month period between August and November 2015. Her first visit to Walker Baptist in 2015 occurred on August 25, and Plaintiff weighed 199 pounds. (R. 192). Two weeks later, Plaintiff returned to Walker Baptist, and again she weighed 199 pounds. (R. 207). Then, on September 22, Walker Baptist documented that Plaintiff weighed 225 pounds. (R. 358). Another two weeks pass, and Plaintiff returned to Walker Baptist weighing 199 pounds. (R. 373). The following day, on October 6, 2015, Plaintiff visited Capstone Rural Health Center, and the physicians noted that she weighed 226 pounds (a twenty-seven-pound difference from the day before). (R. 313). Again, two weeks pass, and Plaintiff visited Capstone Rural. (R. 310). At this visit, Plaintiff weighed 224 pounds. (R. 310). Finally, on November 17, Plaintiff visited MDSI Physician Group and weighed 217 pounds. (R. 319).

Second, the ALJ must determine whether the claimant has a medically determinable impairment or a combination of medical impairments that significantly limits the claimant's ability to perform basic work activities. 20 C.F.R. § 404.1520(a)(4)(ii). Absent such impairment, the claimant may not claim disability. *Id.*

Third, the ALJ must determine whether the claimant's impairment meets or medically equals the criteria of an impairment listed in 20 C.F.R. § 404, Subpart P, Appendix 1. *See* 20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526. When the claimant meets these criteria, the ALJ will find that the claimant is disabled. 20 C.F.R. § 404.1520(a)(4)(iii).

If the claimant does not fulfill the requirements necessary to be declared disabled under the third step, the ALJ may still hold that the claimant is disabled after the next two steps of the analysis. The ALJ must first determine the claimant's residual functional capacity ("RFC"), which refers to the claimant's ability to work despite his impairments. 20 C.F.R. § 404.1520(e). Then, in the fourth step, the ALJ evaluates whether the claimant has the RFC to perform past relevant work. 20 C.F.R. § 404.1520(a)(4)(iv). If the ALJ finds that the claimant is capable of performing past relevant work, then the claimant is deemed not disabled. *Id.* On the other hand, if the ALJ finds the claimant unable to perform past relevant work, then the analysis proceeds to the final step. 20 C.F.R. § 404.1520(a)(4)(v).

In the last portion of the test, the ALJ must decide whether the claimant is able to perform any other work commensurate with her RFC, age, education, and work experience. 20 C.F.R. § 404.1520(g). Here, the burden of proof shifts from the claimant to the Commissioner to prove the existence, in significant numbers, of jobs in the national economy that the claimant can do given his RFC, age, education, and work experience. 20 C.F.R. §§ 404.1520(g), 404.1560(c).

In this case, the ALJ found that Plaintiff has not engaged in substantial gainful activity since September 1, 2015. (R. 30). The ALJ also determined that Plaintiff has the following medically determinable severe impairments: lumbar degenerative disc disease, depression, scoliosis, diabetes mellitus, and obesity. (R. 30). However, the ALJ reasoned that the record does not demonstrate that Plaintiff has an impairment or combination of impairments that meet or medically equal the severity of a listed impairment in 20 CFR Part 404, Subpart P, Appendix 1. (R. 31).

After considering whether Plaintiff's symptoms were reasonably consistent with the objective medical and opinion evidence and other evidence based on the requirements of 20 CFR 404.1529 and SSR 16-3p, the ALJ determined that while not capable of performing past relevant work, Plaintiff has the residual functional capacity ("RFC") to perform light work subject to additional limitations. (R. 32, 34). The ALJ found that Plaintiff's medically determinable impairments could reasonably be expected to cause some of the alleged symptoms, but that Plaintiff's statements and other allegations concerning the intensity, persistence, and limiting effects of these symptoms were not entirely consistent with the medical evidence and other evidence in the record. (R. 33).

At the final step, considering Plaintiff's age, limited education, work experience, and RFC, in addition to the Vocational Expert's testimony, the ALJ determined that there are existing jobs in significant numbers in the national economy that Plaintiff can perform. (R. 35-36). Thus, the ALJ held that Plaintiff was not under a disability, as defined by the Act, from the application date to the date of decision. (R. 36).

## IV. Plaintiff's Argument for Remand or Reversal

Plaintiff argues that the ALJ's factual findings are not supported by substantial evidence or the application of correct legal standards because the ALJ failed to properly consider: (1) Plaintiff's obesity singly and in combination with other impairments and (2) Plaintiff's subjective allegations regarding pain. (Pl.'s Mem. 8-13). The court addresses each argument, in turn.

## V. Standard of Review

The only issues before this court are whether the record reveals substantial evidence to sustain the ALJ's decision, *see* 42 U.S.C. § 405(g); *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982), and whether the ALJ applied the correct legal standards. *See Lamb v. Bowen*, 847 F.2d 698, 701 (11th Cir. 1988); *Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986). Title 42 U.S.C. § 405(g) mandates that the Commissioner's findings are conclusive if supported by "substantial evidence." *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990). In other words, the district court may not reconsider the facts, re-evaluate the evidence, or substitute its judgment for that of the Commissioner; instead, it must review the final decision as a whole and determine if the decision is reasonable and supported by substantial evidence. *See Id*. (citing *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983)).

Substantial evidence falls somewhere between a scintilla and a preponderance of evidence; more precisely, "[i]t is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Id.* (quoting *Bloodsworth*, 703 F.2d at 1239) (other citations omitted). If supported by substantial evidence, the Commissioner's factual findings must be affirmed even if the evidence preponderates against the Commissioner's findings. *Id.* While the court acknowledges that judicial review of the ALJ's findings is limited in scope, the court also notes that review "does not yield automatic affirmance." *Lamb*, 847 F.2d at 701.

## VI. Discussion

A claimant "bears the burden of proving that [she] is disabled, and consequently, [she] is responsible for producing evidence in support of [her] claim." *Ellison v. Barnhart*, 355 F.3d 1272, 1276 (11th Cir. 2003) (citing 20 C.F.R. § 416.912(a)). Upon review of the record as a whole, the court concludes that Plaintiff has not met this burden; thus, the court holds that the Commissioner's decision is supported by substantial evidence and is in accordance with applicable law.

### A. The ALJ Properly Considered Plaintiff's Obesity Impairment Throughout the Inquiry.

At step three of the sequential evaluation process, the ALJ must determine whether a claimant's impairment or combination of impairments is of such a severity as to meet or medically equal the criteria of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. The Listing of Impairments describes ailments that are considered severe enough to prevent a person from completing "any gainful activity, regardless of his or her age, education, or work experience." 20 C.F.R. § 404.1525(a). If a claimant's impairment "meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled." *Bowen v. Yuckert*, 482 U.S. 137, 141 (1987); *see also* 20 C.F.R. § 404.1520(a)(4)(iii), (d). But, a claimant bears the burden of proving that her impairments meet or equal an impairment in the Listing.[2] *See Kalishek v. Commissioner*, 470 F. App'x. 868, 870 (11th Cir. 2012); *Barron v. Sullivan*, 924 F.2d 227, 229 (11th Cir. 1991).

---

[2] To prove a listed impairment or equivalent combination, Plaintiff must (1) establish that he has a diagnosed condition that is included in the Listing and (2) provide objective medical reports documenting that this condition meets the specific criteria of the applicable Listing and duration requirement. See 20 C.F.R. § 404.1525(a)-(d); *Wilson v. Barnhart*, 284 F.3d 1219, 1225 (11th Cir. 2002). Additionally, to show that a combination of impairments equals an enumerated impairment, the medical findings must be "at least equal in severity and duration to the listed findings." 20 C.F.R. § 404.1525(a)-(d); *see Wilson*, 284 F.3d at 1224; *see also Sullivan v. Zebley*, 493 U.S. 521, 530 (1990) (holding that an impairment manifesting only some of [a Listing's] criteria, no matter how severely, does not qualify). Moreover, "obesity may increase the severity of co-existing or related impairments to the extent that the combination of impairments meets the requirements of a listing." SSR 02-1p at *5.

The ALJ's next step is to determine the Plaintiff's RFC, which is "an assessment of an individual's ability to do sustained work-related physical and mental activities in a work setting on a regular and continuing basis." SSR 96-8p. The RFC represents the most an individual can do despite her limitations. 20 C.F.R. § 416.945(a). When evaluating a claimant's RFC, the ALJ must base her findings on "all of the relevant medical and other evidence," including a claimant's testimony regarding the limitations imposed by her impairments. 20 C.F.R. § 416.945(a)(3); *see Phillips v. Barnhart*, 357 F.3d 1232, 1238 (11th 2004).

This court "may not decide the facts anew, reweigh the evidence, or substitute [its] judgment for that of the Commissioner." *Dyer v. Barnhart*, 395 F.3d 1206, 1211 (11th Cir.2005). Rather, it must defer to the Commissioner's decision if it is supported by substantial evidence. *Bloodsworth*, 703 F.2d at 1239. Furthermore, there is no requirement that the ALJ specifically refer to every piece of evidence that he used to render his decision; instead, the ALJ's decision has to demonstrate to this court that he considered the claimant's medical condition in its entirety. *Adams v. Commissioner*, 586 Fed. Appx. 531, 533 (11th Cir. 2014).

Here, Plaintiff argues that the ALJ failed to properly discuss and evaluate her obesity and accompanying impairments throughout the analysis. The court disagrees.

The ALJ's evaluation of a claimant's obesity plays a role at three separate points during the analysis: step two, step three, and the RFC determination. At step two, the ALJ explicitly stated that Plaintiff's obesity qualifies as a severe impairment. (R. 30). Also, the ALJ considered section 1.04 (Disorders of the Spine) when evaluating Plaintiff's physical impairments at step three; however, he stated, "no treating, examining, or reviewing physician has suggested the existence of any impairment or combination of impairments that would meet or medically equal the criteria

of any listed impairment." (R. 31).[3] The ALJ then went into some detail to explain Plaintiff's medical history regarding obesity during the RFC determination stage of the analysis.[4] The ALJ stated that he considered Plaintiff's obesity in accordance with SSR 02-1p. (R. 34). And, he concluded that Plaintiff's obesity does not significantly interfere with her ability to perform physical activities or routine movement because, in part, every physician she visited failed to place any general restrictions or work-related limitations as a result of her obesity. (R. 34).

Thus, after a careful review of the record, the court concludes that the record amply demonstrates that the ALJ considered the Plaintiff's medical conditions, including her obesity, in their entirety. Moreover, the court holds that substantial evidence supports the ALJ's findings concerning Plaintiff's obesity at step two, step three, and the RFC determination (where the ALJ based his findings on all relevant medical and other evidence).

### B. The ALJ Properly Considered Plaintiff's Subjective Allegations Regarding Pain.

When a claimant alleges disability through subjective complaints of pain and other symptoms, the Eleventh Circuit's "pain standard" for evaluating these symptoms requires: "(1) evidence of an underlying medical condition, and either (2) objective medical evidence confirming the severity of the alleged pain arising from that condition, or (3) that the objectively determined medical condition is of such severity that it can reasonably be expected to give rise to the claimed pain." *Holt v. Sullivan*, 921 F.2d 1221, 1223 (11th Cir. 1991); *see also* 20 C.F.R. § 404.1529. A claimant's subjective testimony supported by medical evidence that satisfies the pain standard is itself sufficient to support a finding of disability. *Holt*, 921 F.2d at 122.

---

[3] *See Tuggerson-Brown v. Comm'r of Soc. Sec.*, 572 F. App'x. 949, 951 (11th Cir. 2014) (reasoning that the ALJ's recitation that he has evaluated "an impairment or combination of impairments" or considered "all symptoms" is sufficient to demonstrate that the ALJ considered all necessary evidence subsequent to Step Two).

[4] The ALJ expressly stated that "the undersigned has considered all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence, based on the requirements of 20 CFR 416.929 and SSR 16-3p." (R. 32).

However, "[a]fter considering a claimant's complaints of pain, an ALJ may then reject them as not creditable." *Marbury v. Sullivan*, 957 F.2d 837, 839 (11th Cir. 1992). During this assessment, the ALJ is to consider Plaintiff's testimony and any inconsistency between the testimony of symptoms and any other evidence. 20 C.F.R. §§ 404.1529(c)(3)-(4), 416.929(c)(3)-(4). If the ALJ rejects a plaintiff's testimony regarding pain, the ALJ must "articulate explicit and adequate reasons for doing so." *Dyer*, 395 F.3d at 1210 (quoting *Foote v. Chater*, 67 F.3d 1553, 1561-62 (11th Cir. 1995)).

Here, the ALJ found that Plaintiff's "determinable impairments could reasonably be expected to cause the alleged symptoms." (R. 33). Therefore, Plaintiff satisfied the first factor of the Eleventh Circuit's pain standard. However, the ALJ discredited Plaintiff's statements concerning her pain.[5] The ALJ's reasons for doing so include the following: Plaintiff consistently displayed a normal range of motion in her musculoskeletal system; she had a negative straight leg raise test result; she experienced full motor strength in her upper and lower bilateral extremities; and she exhibited only mild-to moderate lumbar levoscoliosis without evidence of any acute fracture or other osseous abnormality.[6] (R. 33, 321, 359, 373, 404, 405). The ALJ found that Plaintiff's subjective pain allegations were inconsistent with the medical record, and the ALJ explicitly articulated his reasons for this finding. Therefore, Plaintiff fails to satisfy either of the final two factors in the pain standard test. Thus, after a careful review of the record, the court concludes that substantial evidence supports the ALJ's decision to reject Plaintiff's subjective allegations of pain.

---

[5] The ALJ determined, "the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision." (R. 33).

[6] The ALJ also notes that Plaintiff denied taking pain medication. (R. 33).

## VII. Conclusion

The court concludes that the ALJ's determination that the Plaintiff is not disabled is supported by substantial evidence and the ALJ applied the proper legal standards in reaching this determination. The Commissioner's final decision is therefore due to be affirmed. A separate order in accordance with this memorandum decision will be entered.

**DONE** and **ORDERED** this August 12, 2019.

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE